3 So.2d 73

**WESSON v. BURNS et al.**

5 Div. 335.

Supreme Court of Alabama.

June 19, 1941.

Jack Crenshaw and Walter J. Knabe, both of Montgomery, for appellant.

Wilbanks & Wilbanks, of Dadeville, for appellees.

FOSTER, Justice.

Appellant filed a bill in equity in this cause seeking to sell land for division adversely held by some of the respondents. There was no demand for a jury trial as authorized by section 6635, Code of 1923 (Title 7, section 326, and Title 47, section 191, Code of 1940), but the claim of title was determined as authorized by section 9334, Code of 1923 (Title 47, section 189, Code of 1940). On the hearing the court denied relief and dismissed the bill on evidence taken before the register not in the presence and hearing of the presiding judge.

The basis of that claim rests on the fact that complainant's mother was one of four children of Jimmy Vaughn, deceased, who he undertook to show owned this land when he died during the War Between the States. In an effort to make that proof, W. W. Hicks testified: "The place came from old man Jimmy Vaughn. * * * It is a part of the Jimmy Vaughn lands." And that he lived on it.

The complainant testified that Jimmy Vaughn, his grandfather, died before complainant was born and during the War Between the States. That he owned this land in question. That after the death of his grandfather, his grandmother occupied it until she went to Texas to live with a daughter where she died in 1912. What part of that period was before he was born is not made clear, nor just when he became old enough to have knowledge of the facts, therefore how much of it was hearsay. He does say he never heard of a will by his grandfather. One of the four children was also named Jimmy Vaughn. Complainant testified that the younger Jimmy Vaughn paid the taxes on the land in the name of the widow of the elder Jimmy Vaughn until 1919, though she died in 1912. Her name was Melviny Vaughn. There was no other evidence of that fact. There was no other evidence tending to show ownership in Jimmy Vaughn, the elder, said to have been killed during the War Between the States.

The adverse claimants of the land claim under and as heirs of Henry O. Garrett, and he claimed under a warranty deed in evidence executed by Mrs. Mattie E. Vaughn, widow of Jimmy Vaughn, the younger and son of Jimmy Vaughn, the elder. The deed was dated January 26, 1915, recorded January 28, 1915, in the probate office. Henry O. Garrett held possession of the land by tenants until he died in 1931, and since, that time his widow and children have had such possession. They are the adverse claimants. The evidence also shows that the land was assessed for taxes by H. O. Garrett since 1915 until he died, and since then by his widow.

Complainant claims by inheritance through his mother as an heir of Jimmy Vaughn, Sr., and therefore that his mother and he were successively tenants in common with the other children of Jimmy Vaughn, Sr., one of whom was Jimmy Vaughn, Jr., and that the possession of H. O. Garrett and his heirs was as that of a tenant in common and not adverse to him because he had no notice of its adverse character.

Appellees contend that there is no satisfactory evidence that complainant ever acquired any title from one who owned it. That is, that there is no satisfactory evidence that Jimmy Vaughn, Sr., owned the land.

The fact testified to by Hicks that Jimmy Vaughn, Sr., had lived on the land at some time before he died, something like eighty years ago, without color of title or claim of purchase or inheritance, is not of much probative force. The evidence of complainant that Jimmy Vaughn, Sr., owned the land related to something of which he knew nothing, since he died before complainant was born. Likewise, his testimony that his uncle Jimmy Vaughn, Jr., paid the taxes on the land for the widow of Jimmy Vaughn, Sr., proves little in respect to ownership. The ownership of land cannot be predicated upon such flimsy evidence, as against those who have had possession of it for approximately twenty-six years under color and claim of title. See, Bailey v. Bond, 237 Ala. 59, 185 So. 411.

The decree of the trial court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.